UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

TRACEY ALEXANDER VINSON,

Plaintiff, FL

v.

COUNTY OF WASHTENAW;

WASHTENAW COUNTY PROSECUTOR'S OFFICE;

SERGEANT BONDY;

OFFICER OLSEN;

ANN ARBOR POLICE OFFICERS JOHN/JANE DOES 1–10;

Caucasian Dollar Tree Store Manager ("Jane Doe"),

Defendants.

Case No. _____

Hon. _____

PLAINTIFF'S COMPLAINT FOR DAMAGES

(42 U.S.C. § 1983; MALICIOUS PROSECUTION; VIOLATION OF CIVIL RIGHTS, STATE LAW, AND CONSTITUTIONAL RIGHTS)

Case: 2:26−cv−10590
Assigned To : Grey, Jonathan J.C.
Referral Judge: Patti, Anthony P.
Assign. Date : 2/18/2026
Description: CMP Vinson v. Washtenaw County Prosecutor's Office et al (jo)

## INTRODUCTION

1. Plaintiff brings this civil action under 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments, and applicable Michigan state laws, seeking redress for malicious prosecution, unlawful seizure, racial and sexual orientation harassment, and retaliation for exercise of constitutional rights.

2. Plaintiff is a Native Aboriginal Cherokee national who was unlawfully prosecuted, harassed, and detained for exercising lawful self-defense and his rights to freedom of

expression and equal protection under the law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, as this action arises under the Constitution and federal civil rights laws.

4. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Ann Arbor, Washtenaw County, Michigan.

## PARTIES

5. Plaintiff Tracey Alexander Vinson, Native Aboriginal Cherokee national, residing in Ann Arbor.
6. 
7. Defendant County of Washtenaw, municipal corporation organized under Michigan law.

8. Defendant Washtenaw County Prosecutor's Office, responsible for prosecution of criminal cases.

9. Defendants Sergeant Bondy and Officer Olsen, Ann Arbor police officers involved in Plaintiff's arrest and prosecution.

10. Defendants Ann Arbor Police Officers John/Jane Does 1–10, other officers involved in the arrest, detention, and investigation.

11. Defendant Dollar Tree Store Manager (Jane Doe), Caucasian female, who harassed, stalked, and attempted to assault Plaintiff.

## FACTUAL ALLEGATIONS

11. On October 1, 2022, Plaintiff entered Dollar Tree on Maple Road, Ann Arbor, where he had learned English for education and business purposes in the community.

12. While purchasing items, the cashier attempted to engage Plaintiff in a non-work-related conversation. Plaintiff politely responded that he did not speak English in social contexts and left the store after completing his purchases.

13. The store manager, a Caucasian female, then stalked Plaintiff outside the store over 50 yards, making racial slurs, sexual orientation harassment comments, and threats, and attempted to physically assault him.

14. Plaintiff, reasonably fearing imminent harm, brandished his legally carried 3-inch pocket knife in self-defense, consistent with Michigan self-defense statutes (MCL 780.971, 780.972(2), 780.974).

15. Ann Arbor police officers, including Sergeant Bondy, Officer Olsen, and others, arrived at the scene. Instead of arresting the Caucasian store manager, who was of the same race as the responding officers, they racially discriminated against Plaintiff, a Native Aboriginal Cherokee national, in violation of his Fourth Amendment right to be free from unlawful seizure and his Fourteenth Amendment right to equal protection under the law, and arrested him for felonious assault.

16. The Washtenaw County Prosecutor's Office pursued charges maliciously, without probable cause, and in violation of Plaintiff's constitutional and statutory rights, causing over one year of unlawful incarceration.

17. The criminal proceedings were terminated in Plaintiff's favor (dismissal or acquittal).

---

## LEGAL CLAIMS

### COUNT I — 42 U.S.C. § 1983: MALICIOUS PROSECUTION

18. Defendants initiated and maintained criminal proceedings without probable cause, with malice or reckless disregard, violating the Fourth and Fourteenth Amendments.

19. Plaintiff suffered loss of liberty, emotional distress, and reputational harm.

### COUNT II — 42 U.S.C. § 1983: UNLAWFUL SEIZURE AND DUE PROCESS

20. Defendants arrested and detained Plaintiff unlawfully, violating Fourth, Fifth, and Fourteenth Amendment rights.

**COUNT III — FIRST AMENDMENT VIOLATIONS**

21. Plaintiff's peaceful exercise of communication and language rights, including responding politely in English only for education and business purposes, was protected speech under the First Amendment. Arresting him for this constituted retaliation.

**COUNT IV — RACIAL AND SEXUAL ORIENTATION HARASSMENT**

22. The store manager's stalking, threats, and attempted assault were motivated by race and sexual orientation, creating a hostile environment that prompted Plaintiff's lawful self-defense.

23. The Ann Arbor police racially discriminated in enforcement, arresting Plaintiff instead of the Caucasian manager, violating equal protection under the Fourteenth Amendment.

**COUNT V — MICHIGAN STATE LAW VIOLATIONS**

24. Defendants violated the following Michigan statutes and common law protections:

- MCL 600.5805(10) – statute of limitations for malicious prosecution;

- MCL 780.971, 780.972(2), 780.974 – lawful self-defense rights;

- Michigan Civil Rights Act (MCL 37.2101 et seq.) – discrimination based on race, national origin, and sexual orientation;

- Michigan common law of malicious prosecution and false arrest/false imprisonment.

**COUNT VI — FEDERAL CIVIL RIGHTS VIOLATIONS**

25. Defendants violated federal laws including:

- 42 U.S.C. § 1983 – deprivation of rights under color of law;

- 42 U.S.C. § 1985 – conspiracy to interfere with civil rights;

- 42 U.S.C. § 1988 – attorney fees for civil rights enforcement;

- Civil Rights Act of 1964 and 1968 provisions protecting against racial and national origin discrimination;

- First, Fourth, Fifth, and Fourteenth Amendments – freedom of speech, due process, equal protection, protection against unlawful seizure.

## RELIEF

WHEREFORE, Plaintiff requests:

a) Compensatory damages in the amount of $1,000,000,000;

b) Punitive damages where appropriate;

c) Attorney's fees and costs under 42 U.S.C. § 1988;

d) Injunctive relief preventing further constitutional violations;

e) Pre- and post-judgment interest;

f) Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 02/18/2026_____, 2026

Respectfully submitted,

Tracey Alexander Vinson, Plaintiff, Pro Se

3421 Platt Rd., Apt. 3

Ann Arbor, MI 48108

Phone: 734-572-6676

Email: KellyAlexander2027@gmail.com

*Tracey Alexander Vinson*